HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIS EARL JENKINS,<br><br>      Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA,<br><br>      Defendant. | CASE NO. C16-5415-RBL<br><br>ORDER GRANTING MOTION TO DISMISS |

THIS MATTER is before the Court on Defendant Bank of America's Motion to Dismiss [Dkt. #12]. Pro se Plaintiff Jenkins sued BANA in Thurston County Superior Court and BANA removed the case here. Jenkins' Complaint makes no factual allegations and provides no information about why he is suing or what he seeks. It provides, in full:

> Failure to respond to Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e) and Regulation X at 24 CFR 3500 *et seq.* AND THE Gramm Leach Bliley Act (RESPA), United STATES Code AS well as a request for Proof of Claim under Truth In Lending Act (TILA 15 U.S.C 1601, et seq. RESPA provides substantial penalties AND Fines for NON-compliance or failure to acknowledge AND ANSWER my questions provided within 5 days.
>
> RESPA Qualified Written Request Complaint, Dispute or DEBT AND VALIDATION OF DEBT TILA Request DATED: 12 APR 2016 FACT: CERTIFICATE OF SERVICE # 7015 1520 0002 0569 0526 ATTACHMENT REF# WEJ-04-09-71-RESPA Signed for by JUAN Caceres.

ORDER GRANTING MOTION TO DISMISS - 1

BANA seeks dismissal, with prejudice and without leave to amend, because the complaint's many defects "are not likely to be cured via further amendment." [Dkt/ #12]

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether

there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Jenkins' response to the Motion is longer than his complaint, but it is no clearer and it fails to articulate any cognizable, viable claim. It claims that Jenkins is a "living breathing flesh and blood sentinent real man, etc., and claims he copyrighted his name. It claims Jenkins sent a variety of documents to BANA and its attorney, without any plausible articulation of when he did so, for what purpose, or with what legal effect. It contains no discernible statement of facts regarding the underlying loan (assuming there was some sort of loan transaction that Jenkins now seeks to avoid). It contains no showing of any entitlement to relief, and does not address the motion to dismiss in any meaningful way.

The complaint therefore fails to meet the *Twombly* standard, and it is dismissed. However, the standard for dismissal with prejudice and without leave to amend is not whether amendment is "likely," but whether it is "possible."

However unlikely it is that he can do so, Jenkins is entitled an attempt to remedy the fatal flaws in his current pleading. He shall file an amended complaint articulating the factual and legal basis for such a claim within **21 days** of this Order. "Magic words," Latin phrases, and random quotations from cases with no obvious relation to this case are not necessary or sufficient to state a viable, plausible claim. The amended complaint need not be long, but it should include a short, plain, chronological factual story that describes who did what, when, and why, that adds up to a plausible claim for relief under the standard articulated above.

//

//

If Jenkins fails to do so, this matter will be dismissed with prejudice without further notice.

IT IS SO ORDERED.

Dated this 5th day of January, 2017.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge